UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| CURTIS O'BRYAN JEFFERSON, | ) | |
|---|---|---|
| | ) | Case No. 4:25-cv-1 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Michael J. Dumitru |
| CAYLA SMITH, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, a Lincoln County Jail inmate, filed a pro se complaint for violation of 42 U.S.C. § 1983 regarding various incidents his confinement in the Jail (Doc. 5) and a motion for leave to proceed *in forma pauperis* (Doc. 6).[1] For the reasons set forth below, Plaintiff's motion (*id.*) will be **GRANTED**, and only Plaintiff's claims that Defendant Smith denied him medications and mental health care will proceed herein.

**I.     FILING FEE**

It appears from Plaintiff's motion (*id.*) that he cannot pay the filing fee in one lump sum. Accordingly, this motion (*id.*) is **GRANTED**. Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate

---

[1] Plaintiff also filed a document setting forth various allegations that appear to relate to counsel representation in a civil case [Doc. 1]. However, it does not appear that Plaintiff seeks any relief from the Court in this filing, and the Court therefore will not otherwise address it.

trust account for the six-month period prior to the complaint filing. 28 U.S.C.§ 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to both the custodian of inmate accounts at Plaintiff's current institution and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     COMPLAINT SCREENING

### A.  Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief

2

Case 4:25-cv-00001-TRM-MJD     Document 8     Filed 02/03/25     Page 2 of 8     PageID #: 24

"above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

B.      **Allegations**

Defendant Officer Steel made a sexual comment when Plaintiff asked him what he was doing in the inmate bathroom, and Plaintiff saw Defendant Officer Steel opening legal mail and gluing it back while on camera (Doc. 5, at 3–4).

Defendant Cayla Smith harassed Plaintiff and denied him medications "and mental health" (*id.*). Specifically, Defendant Smith told Plaintiff that his medications were not current and that he could not have his family bring his current medications for which he needs a refill (*id.*). However, Plaintiff heard an officer say that this Defendant let another inmate's parents bring his medications from home (*id.*). And according to Plaintiff, Plaintiff's mother cannot drive to the jail because "she has a lot going on" (*id.*).

Defendant Woodard grabbed Plaintiff and threw him on a wall in a way that abused him mentally and physically (*id.*).

Plaintiff slept "in [b]lack mode and shower[ed] daily for fifteen (15) days with no medications and no mental health doctor" after his arrival in the jail (*id.*).

On one occasion, Officer Tanner Peate (1) told Plaintiff that Officer Peate would defecate in the inmate bathroom and (2) denied Plaintiff his "hour-out on 23/1" (*id.*).

Defendant Burton told Plaintiff "to stop crossing the line selling drugs" at pill call even though Plaintiff has not been convicted (*id.*).

3

"Zek George" (1) called Plaintiff a drug dealer even though Plaintiff has not been convicted and (2) told Plaintiff "not to be holding legal mail" (*id.*).

Plaintiff has sued the Cayla Smith, Christina Woodard, Kendra Burton, and Officer Steel (*id.* at 1, 3). As relief, Plaintiff requests (1) "[f]or everyone to be treated equally and not like animals"; (2) for the Court to stop people who are "in a position" (presumably of power) from treating others (presumably badly); and (3) "help with [his] mental abuse" (*id.* at 5).

### C. Analysis

#### 1. Harassment

Plaintiff's allegations regarding comments from Defendant Steel, Officer Peate, Defendant Burton, and "Zek George" essentially assert that these individuals have made harassing comments to him (*id.* at 3–4). Plaintiff also claims that Defendant Smith harassed him (*id.* at 4).

However, it is unclear from the complaint whether "Zek George" is a jail officer or another inmate. Also, Plaintiff did not name Officer Peate or "Zek George" as Defendants in this action (*id.* at 1, 3). But even if the Court assumes that "Zek George" was a state actor when making his comments to Plaintiff and liberally construes the complaint as against Officer Peate and "Zek George," Plaintiff's allegations of harassment fail to state a claim upon which relief may be granted under § 1983. *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (providing that harassment and verbal abuse do not rise to the level of a constitutional violation).

Accordingly, these claims are **DISMISSED**.

#### 2. Legal Mail

Plaintiff's allegation Defendant Steel opened legal mail and glued it back shut while on camera does not allow the Court to plausibly infer this act violated Plaintiff's constitutional rights. And Plaintiff does not have standing to assert the constitutional rights of other inmates. *Newsom*

*v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner . . . is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners"). Accordingly, this claim is **DISMISSED**.

3. **Medical Care**

Plaintiff's claims that Defendant Smith (1) denied him medications and mental health care and (2) would not allow Plaintiff to have his family bring his current medications to the jail but allowed another inmate to have his parents do so will proceed herein.

4. **Denial of Hour Out**

Plaintiff also alleges that, on one occasion, Officer Peate denied Plaintiff his "hour-out on 23/1" (Doc. 5, at 4). Again, Plaintiff has not named Officer Peate as a Defendant. But even if the Court liberally construes Plaintiff's complaint as against Officer Peate, this allegation does not rise to the level of a constitutional violation.

A pretrial detainee can establish that a jail officer subjected him to unconstitutional punishment by showing either (1) "an expressed intent to punish on the part of the detention facility officials," or (2) that "a restriction or condition is not rationally related to a legitimate government objective or is excessive in relation to that purpose." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 717 (6th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). Plaintiff does not allege or set forth facts from which the Court can plausibly infer that Officer Peate intended to punish Plaintiff by denying him an hour out of his cell on one occasion, or that this incident was not rationally related to a legitimate jail objective, or was "excessive in relation to that purpose." *Id.*

Moreover, to the extent that Plaintiff asserts that the isolated denial of his hour out of his cell violated his right to due process, Plaintiff has not alleged facts suggesting that this incident

5

was a sanction that affected the length of his confinement or imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life," such that he was entitled to due process for this incident. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Accordingly, Plaintiff's allegation regarding denial of an hour out of his cell fails to plausibly allege a constitutional violation, and this claim is **DISMISSED**.

### 5. Defendant Woodard

Plaintiff also claims that Defendant Woodard grabbed him and threw him against a wall in a manner that amounted to physical and mental abuse (Doc. 5, at 4). But Plaintiff does not allege how much force this Defendant used in this incident, nor does he allege that he suffered any injury due to the incident. And perhaps most notably, Plaintiff does not allege that he was complying with this Defendant's requests at the time this occurred. *Scheid v. Fanny Farmer Candy*, 859 F.2d 434, 437 (6th Cir. 1988) (noting that "when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist" (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976))). Instead, this allegation is devoid of any factual context. As such, even viewing the complaint in the light most favorable to Plaintiff, it does not set forth any facts from which the Court can plausibly infer Defendant Woodard expressly intended to punish Plaintiff through this act, or that this incident was not rationally related to a legitimate jail objective, or was "excessive in relation to that purpose." *J.H.*, 951 F.3d 709, 717.

Accordingly, Defendant Woodard is **DISMISSED**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 6) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Only Plaintiff's claims that Defendant Smith (1) denied him medications and mental health care and (2) would not allow Plaintiff to have his family bring his current medications to the jail but allowed another inmate to have his parents do so will proceed herein;

6. All other claims and Defendants are **DISMISSED**;

7. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Smith;

8. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of entry of this order;

9. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

10. Service on Defendant Smith shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

11. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed without further notice;

12. Defendant Smith shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant Smith fails to timely respond to the complaint, it may result in entry of judgment by default against her; and

13. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Smith or her counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**