**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT WINCHESTER**

| | | |
|---|---|---|
| CURTIS O'BRYAN JEFFERSON, | ) | |
| | ) | Case No. 4:25-cv-1 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Michael J. Dumitru |
| CAYLA SMITH, | ) | |
| | ) | |
| *Defendant*. | ) | |

# MEMORANDUM & ORDER

Plaintiff, a former inmate of the Lincoln County Jail, filed this pro se lawsuit for violation of 42 U.S.C. § 1983 (Doc. 2) that proceeded as to his claims that Defendant: (1) denied him medications and mental health care and (2) would not allow Plaintiff to have his family bring his current medications to the jail but allowed another inmate to have his parents do so (Doc. 8, at 5). Before the Court are Defendant's: (1) motions seeking an extension of time to file a dispositive motion (Docs. 47, 48); (2) motion to file documents containing sensitive information about Plaintiff under seal (Doc. 49); and (3) motion for summary judgment (Doc. 52), in support of which she filed a memorandum (Doc. 53). Plaintiff did not file a response to any of these motions, and his time for doing so has passed. E.D. Tenn. L.R. 7.1(a). As such, Plaintiff waived any opposition to the motions. E.D. Tenn. L.R. 7.2. For the reasons set forth below and due to Plaintiff's lack of any opposition thereto, these motions (Docs. 47, 48, 49, 51) will be **GRANTED**, and this action will be **DISMISSED**.

## I. EXTENSIONS

For good cause shown therein and due to Plaintiff's lack of any opposition thereto, Defendant's motions for an extension of time to file a dispositive motion (Docs. 47, 48) are **GRANTED** to the extent that the Court finds Defendant's motion for summary judgment (Doc. 52) timely filed.

## II. SEAL

For good cause shown therein and due to Plaintiff's lack of any opposition thereto, Defendant's motion to file documents containing Plaintiff's health information under seal (Doc. 49) is **GRANTED**, and those documents (Docs. 50, 51) shall remain under seal.

## III. SUMMARY JUDGMENT

Defendant filed a motion for summary judgment (Doc. 52), in support of which she filed a memorandum (Doc. 53), as well as exhibits under seal (Docs. 50, 51). Defendant's motion and supporting documents establish that a jury could not reasonably find that Defendant violated Plaintiff's constitutional rights. Accordingly, Defendant's motion for summary judgment (Doc. 75) will be **GRANTED**, and this action will be **DISMISSED**.

### A. Standard

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party and makes all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). To successfully oppose a motion for summary judgment, "the non-moving party . . . must present

sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010). The non-moving party must come forward with proof to support each element of his claim and cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita,* 475 U.S. at 586, "conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 88 (1990), or by a mere "scintilla" of evidence, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

A district court cannot grant summary judgment in favor of a movant simply because the adverse party did not respond. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court must, at a minimum, examine the motion to ensure that the movant has met its burden. *Id.* In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992).

**B. Sworn Proof**

As set forth above, this action proceeded only as to Plaintiff's claims that Defendant (1) denied him medications and mental health care and (2) would not allow Plaintiff to have his family bring his current medications to the jail but allowed another inmate to have his parents do so (Doc. 8, at 5). As Plaintiff's complaint setting forth these claims is sworn, the Court considers it as an affidavit for summary judgment purposes. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (providing a sworn complaint "carries the same weight" as an affidavit for purposes of summary judgment). In his sworn complaint, Plaintiff states in relevant part as follows regarding these claims:

> Cayla Smith on Nov. 26 was harassing me and denying my medical meds and mental [h]ealth. She told me that my meds wasn't current and that I couldn't get my family to bring in current meds that I need a refill on but I heard a officer say

> that she let another inmate in booking area let his parents bring his meds from home.

(Doc. 5, at 4).

However, Defendant has set forth sworn proof that, during the time period relevant to the complaint, she was employed as a licensed nurse practitioner ("LPN") in the Lincoln County Jail (Doc. 51, at 10). As an LPN, Defendant "d[id] not have the authority or qualifications to independently order prescription medications for inmates or detainees from the jail pharmacy . . . [and also did not have] authority to enter orders for the care of inmates; that must be done by a qualified health care provider" (*Id.*).

Defendant has also set forth proof that on November 8, 2024, she performed the medication-verification process for Plaintiff in the Lincoln County Jail (*Id.* at 11, 20). During that process, Plaintiff stated that he obtained medications with "unknown names" through "Walgreens Huntsville" (*Id.*). But when Defendant contacted that pharmacy, an individual told her that Plaintiff had not obtained medications from there in 18 months (*Id.*). Defendant then contacted the Madison County Sheriff's Office to obtain information about Plaintiff's medications during his prior incarceration there, and someone from that office indicated that Plaintiff's high blood pressure medication had not been refilled since January 2024 (*Id.* at 11–12). Plaintiff's jail medical records, which Defendant attached to her affidavit, confirm these statements (*Id.* at 20).

Defendant also testifies that on November 26, 2024, she performed morning med pass for Plaintiff, at which point Plaintiff demanded discontinuation of his night medications (*Id.* at 13). Defendant told Plaintiff that he could discuss that at the night med pass, at which point Plaintiff screamed obscenities at her and threatened her job (*Id.*). Plaintiff's medical records confirm this account (*Id.* at 47).

Defendant further testifies that on November 26, 2024, Nurse Practitioner ("NP") Cooper reviewed Plaintiff's medications (*Id.* at 13). Notably, it appears that some of the medications on the list that NP Cooper reviewed would have been current on that date (*Id.* at 75). However, NP Cooper ordered lab work to determine whether the medications were necessary (*Id.* at 13).

But according to Defendant, Plaintiff then signed a consent to refuse medications and repeatedly refused medications, including mental health medications, and he also refused blood work and nursing treatment (*Id.* at 13–17). Plaintiff's medical records also confirm these repeated refusals (*See generally id.* at 22–109).

Defendant additionally testifies that, during his Lincoln County Jail incarceration, Plaintiff repeatedly referred to other people or places having his medications or information about his medications and passing that information on to the Lincoln County Jail, stated that Defendant and others were lying about his medications, and stated another inmate in the jail had obtained medications from the inmate's home for use in the jail (*Id.* at 14–17). But according to Defendant, Plaintiff's family did not contact the Lincoln County Jail or bring him medications, medical personnel cannot communicate about inmates' health conditions with their families due to privacy concerns, and Lincoln County Jail inmates generally do not receive outside prescriptions due to safety concerns (*Id.* at 16–17).

**C. Analysis**

The undisputed evidence in the record demonstrates that no jury could reasonably find that Defendant was deliberately indifferent to Plaintiff's serious medical needs or violated Plaintiff's right to equal protection. As such, Defendant is entitled to summary judgment on Plaintiff's claims.

First, a prison official's deliberate indifference to a prisoner's serious medicals needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Jail medical providers may be deliberately indifferent to serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Id.* at 104–105. Establishing a violation of the Eighth Amendment in the medical context requires evidence that the acts or omissions of an individual operating under the color of state law were "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Such a claim "has [both] objective and subjective components." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).

Under the objective prong, the court must determine whether the plaintiff had a sufficiently serious medical need. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). A plaintiff may establish a serious medical need in two ways: (1) by showing that the injury was so obvious that even a layperson would easily recognize the need for medical treatment; or (2) if the injury was less obvious or the prisoner challenges a denial of a certain medical treatment, by showing the detrimental effect of a delay in treatment. *Blosser v. Gilbert*, 422 F. App'x 453, 460 (6th Cir. 2011) (citing *Blackmore*, 390 F.3d at 897).

The subjective component requires proof that the prison official acted with deliberate indifference to the plaintiff's serious medical need. *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005), *abrogated on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). Deliberate indifference is more than mere negligence—it requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40). To meet this subjective standard, the defendant must have: (1) "perceived the facts from which to infer substantial risk to the prisoner," (2) "draw[n]

the inference;" and (3) "then disregarded that risk." *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

As set forth above, Plaintiff alleges in relevant part that Defendant refused to provide him prescribed medications and mental health treatment and would not allow his parents to bring him medications, even though Plaintiff heard an officer say that Defendant allowed another inmate's family to bring him medications (Doc. 5, at 4). However, Plaintiff has not set forth any proof that his need for medications or mental health treatment was so obvious that a layperson would have recognized it, or that he suffered an injury due to the delay and/or denial of his medications or mental health treatment. But even if the record contained proof that Plaintiff had a serious medical need for his medications and/or mental health treatment, as set forth above, Defendant has set forth sworn proof that, as an LPN, she could not prescribe Plaintiff medications or order that he receive certain treatments (Doc. 51, at 10).

Defendant has set forth proof that while she performed Plaintiff's medication-verification process on November 8, 2024, in that process she only learned that Plaintiff had not received medications from the relevant pharmacy in eighteen months and had not received his blood-pressure medications from the Madison County Jail since January 2024 (*Id.* at 11–12). And while Plaintiff's medical records suggest that on November 26, 2024, NP Cooper reviewed a medication list for Plaintiff, and that some of the medications on that list appear to have been current at that time, the records show that NP Cooper decided to order lab work to determine whether the medications were necessary (*Id.* at 20, 75).

Plaintiff has not pointed to any proof in the record suggesting that NP Cooper's decision to check his lab work before prescribing him the medications on this list rose to the level of deliberate indifference to Plaintiff's serious medical needs. But even if it were, Plaintiff has not

set forth any proof that Defendant was personally involved in this decision, such that she could be liable for it under § 1983. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). To the contrary, Defendant's sworn evidence establishes that, as an LPN, she could not have ordered these prescriptions or any other treatment for Plaintiff (*Id.* at 10). As such, Plaintiff has not met his burden to show that a jury could reasonably find that Defendant was deliberately indifferent to Plaintiff's need for medications or mental health treatment based on the evidence in the record.

Additionally, Plaintiff states in his complaint that Defendant would not allow his family to bring him his prescriptions, but he heard an officer say that Defendant allowed another inmate to receive his prescriptions from home, which the Court liberally construes to attempt to state a claim for violation of Plaintiff's right to equal protection. However, Plaintiff's statement of this claim in his complaint expressly relies on inadmissible hearsay, which the Court must disregard in ruling on Defendant's motion for summary judgment. *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) ("[E]vidence submitted in opposition to a motion for summary judgment must be admissible. Hearsay evidence . . . must be disregarded" (internal quotation marks omitted)). Moreover, in response to Defendant's motion for summary judgment, Plaintiff has not come forward with any proof from which a jury could reasonably find that Defendant violated his right to equal protection. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)) (providing that an equal protection claim requires proof "that the government treated the plaintiff disparately compared to similarly situated persons and that

such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.").

The Supreme Court has found that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

Accordingly, Defendant is entitled to summary judgment on Plaintiff's claims, and her motion for summary judgment (Doc. 52) will be **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above:

1. Defendant's motions for extension (Docs. 47, 48) are **GRANTED**;

2. Defendant's motions to seal (Doc. 49) is **GRANTED** to the extent that the relevant filings (Docs. 50, 51) **SHALL** remain under seal;

3. Defendant's motion for summary judgment (Doc. 52) will be **GRANTED**, and this action will be **DISMISSED**; and

4. The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith. As such, this Court will **DENY** Plaintiff leave to proceed *in forma pauperis* on any subsequent appeal.

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ ***Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**